**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, *ex rel.* Lisa Madigan, Attorney General of the State of Illinois<br><br>Plaintiff,<br><br>v.<br><br>PHARMACIA CORPORATION,  et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 05-197<br>)<br>)<br>)<br>)<br>) |

**PARTIAL CONSENT DECREE DE MINIMIS DEFENDANTS**

**TABLE OF CONTENTS**

I. BACKGROUND ....................................................................................................................

II. JURISDICTION ...................................................................................................................

III. PARTIES BOUND ...............................................................................................................

IV. DEFINITIONS......................................................................................................................

V. REIMBURSEMENT OF RESPONSE COSTS.....................................................................

VI. FAILURE TO MAKE PAYMENT .......................................................................................

VII. CERTIFICATION TO SUE BY THE STATE.......................................................................

VIII. COVENANT NOT TO SUE BY THE STATE......................................................................

IX. RESERVATION OF RIGHTS BY THE STATE ...................................................................

X. COVENANTS BY SETTLING DEFENDANTS ...................................................................

XI. EFFECT OF SETTLEMENT; CONTRIBUTION PROTECTION .......................................

XII. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT ..........................................

XIII. EFFECTIVE ........................................................................................................................

XIV. SIGNATORIES/SERVICE...................................................................................................

828896v5

## PARTIAL CONSENT DECREE DE MINIMIS DEFENDANTS

This action was initiated in the name of the People of the State of Illinois by Lisa Madigan, Attorney General of the State of Illinois, on her own motion, and at the request of the Illinois Environmental Protection Agency ("Illinois EPA"), seeking recovery of certain costs incurred by the Illinois EPA and the Attorney General, to address releases and threatened releases of hazardous substances as defined by the Illinois Environmental Protection Act, 415 ILCS S/1, *et seq.* (2000), and the Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C. 9601, *et seq.* ("CERCLA") at the Sauget Area Sites in St. Clair County, Illinois. The Attorney General the Illinois EPA, and the Defendants, Afton Chemical Corporation (formerly Ethyl Petroleum Additives, Inc. and Edwin Cooper, Inc.) on its own behalf and on behalf of its parent NewMarket Corporation; Blue Tee Corp. on its own behalf and on behalf of American Zinc Company; BASF Corporation (on its own behalf and as successor to Inmont Corporation); BFI Waste Systems of North America, Inc., including Browning-Ferris Industries of Illinois, Inc.; Cerro Flow Products, Inc.; Chemical Waste Management; ExxonMobil Corporation; The Glidden Company (d/b/a ICI Paints), on behalf of Grow Group and its former U.S. Paint division; The Pillsbury Company; Sequa Corporation and TH Agriculture & Nutrition, L.L.C.  ("Settling Defendants"), have each agreed to the entry of this Partial Consent Decree in order to resolve Plaintiffs claims against Settling Defendants in the best interests of the public.

## I.     BACKGROUND

1.     The Attorney General and the Illinois EPA (collectively the "State"), seek the following relief in the filed Second Amended Complaint: reimbursement of costs

incurred by the State prior to June 30, 2002, for response actions taken regarding the Sauget Area Sites.

2.      In accordance with 42 U.S.C. 9613(1), a notice of the filing of the Complaint was sent to the Attorney General of the United States and to the Administrator of the United States Environmental Protection Agency.

3.      In response to releases and substantial threats of releases at or from the Sauget Area Sites, the State has undertaken response actions at or in connection with the Sauget Area Sites.

4.      The Settling Defendants are:  Afton Chemical Corporation (formerly Ethyl Petroleum Additives, Inc. and Edwin Cooper, Inc.) on its own behalf and on behalf of its parent NewMarket Corporation; Blue Tee Corp. on its own behalf and on behalf of American Zinc Company; BASF Corporation (on its own behalf and as successor to Inmont Corporation); BFI Waste Systems of North America, Inc., including Browning-Ferris Industries of Illinois, Inc.; Cerro Flow Products, Inc.; Chemical Waste Management; ExxonMobil Corporation; The Glidden Company (d/b/a ICI Paints), on behalf of Grow Group and its former U.S. Paint division; The Pillsbury Company; Sequa Corporation; and TH Agriculture & Nutrition, L.L.C.

5.      The State has determined the following:

a)      prompt settlement with Settling Defendants is practicable and in the public interest within the meaning of Section 122(g)(l) of CERCLA, 42 U.S.C. 9622(g)(1);

b)      the payment to be made by each Settling Defendant under this Consent Decree involves only a minor portion of the response costs, incurred by the State prior to June 30, 2002, at the Sauget

Area Sites, within the meaning of Section 122(g)(1) of CERCLA, 42 U.S.C. 9622(g)(1);

c)   the amount of hazardous substances contributed to the Sauget Area Sites by each Settling Defendant and the toxic or other hazardous effects of the hazardous substances contributed by each Settling Defendant are minimal in comparison to the hazardous substances at the Sauget Area Sites within the meaning of Section 122(g)(1) of CERCLA, 42 U.S.C. 9622(g)(1).

6.      Settling Defendants do not admit any liability to the State arising out of the transactions or occurrences alleged in the Second Amended Complaint.

7.      The Parties recognize and request to the Court to find, in entering this Partial Consent Decree without the admission or adjudication of any issue of fact or law, that this Partial Consent Decree has been negotiated by the Parties in good faith and will avoid prolonged and complicated litigation between the Parties and that this Partial Consent Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

## II.      JURISDICTION

8.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331 and 1345, and 42 U.S.C. §§9607 and 9613(b). This Court also has pendant jurisdiction over the State's claims under the Illinois Environmental Protection Act. The Court also has personal jurisdiction over Settling Defendants. Settling Defendants shall not challenge the terms of this Partial Consent Decree or this Court's jurisdiction to enter and enforce this Partial Consent Decree.

828896v5

4

### III.   PARTIES BOUND

9.     This Partial Consent Decree applies to and is binding upon the State and upon each Settling Defendant and its heirs, successors and assigns. Any change in ownership or corporate status of Settling Defendants including, but not limited to, any transfer of assets or real or personal property shall in no way alter such Settling Defendants' responsibilities under this Partial Consent Decree.

10.    By entering into this Partial Consent Decree, the mutual objectives of the Parties are:

a)     to reach a final settlement among the Parties with respect to the response costs incurred by the State prior to June 30,2002, at the Sauget Area Sites pursuant to Section 122(g)( 1) of CERCLA, 42 U.S.C. 9622(g)(l); that allows each Settling Defendant to make a cash payment to resolve its alleged civil liability under Sections 106 and 107 of CERCLA, 42 U.S.C. 9606 and 9607, and the Illinois Environmental Protection Act, 41 5 ILCS 5/12, *et seq.* for response costs incurred by the State prior to June 30,2002, at or in connection with the Sauget Area Sites, thereby reducing litigation relating to the Sauget Area Sites;

b)     to obtain settlement with Settling Defendants for their fair share of response costs incurred by the State at the Sauget Area Sites prior to June 30, 2002, pursuant to Sections 113(f)(2) and 122(g)(5) of CERCLA, 42 U.S.C. 9613(f)(2) and 9622(g)(5), and the Act.

### IV. DEFINITIONS

11.    Unless otherwise expressly provided herein, terms used in this Partial Consent Decree which are defined in CERCLA and/or the Act or in regulations promulgated under CERCLA and/or the Act shall have the meaning assigned to them in

828896v5

CERCLA and/or the Act or in such regulations. Whenever terms listed below are used in this Partial Consent Decree, the following definitions shall apply:

a.      "Act" shall mean the Illinois Environmental Protection Act, 41 5 ILCS 5/1-58.12, including, without limitation, Section 22.2 of the Act, 415 ILCS 5/22.2.

b.      "Sauget Area Sites" shall mean the sites generally depicted as Areas O, P, Q, R and S on the map attached hereto as Appendix A and the sites generally depicted as Areas G–N and Dead Creek Segments A-F on the map attached hereto as Appendix B and which depict areas located in the Villages of Sauget and Cahokia, St. Clair County, Illinois.  For Blue Tee Corp., Cerro Flow Products, Inc. and ExxonMobil Corporation, "Sauget Area Sites" does not include the sites commonly known and designated by the Environmental Protection Agency as Areas G-N and Creek Segments A-F of "Area 1" and depicted on Appendix B.

c.      "CERCLA" shall mean the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. §§9601 *et seq.*

d.      "Consent Decree" shall mean this Partial Consent Decree and all appendices attached hereto (listed in Section XIII).

e.      "Day" shall mean a calendar day unless expressly stated to be a Working day.  "Working day" shall mean a day other than a Saturday, Sunday, or State of Illinois holiday.  In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday or State of Illinois holiday, the period shall run until the close of business of the next Working day.

f.      "Illinois EPA" shall mean the Illinois Environmental Protection Agency and any successor departments or agencies thereof.

828896v5

g.      "Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year.

h.      "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper case letter.

i.      "Parties" shall mean the State and Settling Defendants.

j.      "Response Costs" shall mean all costs of "response" as that term is defined by CERCLA and the Act.

k.      "Section" shall mean a portion of this Consent Decree identified by a roman numeral.

l.      "Settling Defendants" shall mean those Defendants listed in Paragraph 4 and their predecessors, parents, subsidiaries and successors.

m.      "State" shall mean the State of Illinois as represented by the Illinois Attorney General and Illinois EPA.

## V.    REIMBURSEMENT OF RESPONSE COSTS

12.     Within 30 days of entry of this Consent Decree, the Settling Defendants shall pay to the State a total of One Hundred and Six Thousand Dollars ($106,000). Payment shall be in the form of a certified check or corporate check made payable to the Illinois Environmental Protection Agency, for deposit in the Illinois Hazardous Waste Fund, sent to:

Fiscal Services
Illinois Environmental Protection Agency
1021 North Grand Avenue East

828896v5

7

P.O. Box 19276
Springfield, Illinois 62794-9276

13. Settling Defendants' payment includes an amount for response costs incurred by the State prior to June 30, 2002, at or in connection with the Sauget Area Sites and the costs of negotiating this resolution.

## VI. FAILURE TO MAKE PAYMENT

In the event that the Settling Defendants fail to make the full payment required by paragraph 13 within 30 days of the effective date of this Consent Decree, the Settling Defendants shall pay interest on the unpaid balance. Payments of interest made under this Paragraph shall be in addition to such other remedies or sanctions available to the State by virtue of the Settling Defendants' failure to make timely payments under this Section.

## V11. CERTIFICATION OF SETTLING DEFENDANTS

15. By signing this Consent Decree, each Settling Defendant certifies, individually, that, to the best of its knowledge and belief, it:

a) has retained all information in its possession as of March 17, 2005, or acquired since that date, or in the possession of its officers, directors, employees, agents, or contractors, which relates, in any way, to the ownership, operation, or control of the Sauget Area Sites, or to the ownership, possession, generation, treatment, transportation, storage or disposal of a hazardous substance, pollutant, or contaminant at or in connection with the Sauget Area Sites;

b) has not altered, mutilated, discarded, destroyed or otherwise disposed of any records, documents, or other information relating to its potential liability regarding the Sauget Area Sites after notification of potential liability; and

828896v5

8

     c)     has and will comply fully with any and all requests by the State for information regarding the Sauget Area Sites except to the extent documents are protected by the attorney-client privilege or the work product doctrine.

## VIII.   COVENANT NOT TO SUE BY THE STATE

16.     In consideration of the payments that will be made by Settling Defendants under the terms of the Consent Decree and except as specifically provided in Section IX (Reservation of Rights), the State covenants not to sue or to take administrative action against Settling Defendants pursuant to Sections 106 and 107(a) of CERCLA, 42 U.S.C. 9606 and 9607(a), and the Act for response costs incurred by the State prior to June 30, 2002, relating to the Sauget Area Sites. This covenant not to sue shall take effect for each Settling Defendant, individually, upon receipt by the State of the Settling Defendants' payment as required by Section V (Reimbursement of Response Costs). With respect to Settling Defendants, individually, this covenant not to sue is conditioned upon the complete and satisfactory performance by each Settling Defendant of all obligations under this Consent Decree and the veracity of the information provided to the State by each Settling Defendant relating to its involvement with the Sauget Area Sites. This covenant not to sue extends only to Settling Defendants and does not extend to any other person.

## IX.   RESERVATION OF RIGHTS BY THE STATE

17.     The State reserves, and this Consent Decree is without prejudice to, all rights against each Settling Defendant with respect to all matters not expressly included within the Covenant Not to Sue by the State. Notwithstanding any other provision of this Consent Decree, the State reserves, and this Consent Decree is without prejudice to, all rights against each Settling Defendant with respect to:

828896v5

9

(a)     Claims based on a failure by a Settling Defendant to meet a requirement of this Consent Order;

(b)     Liability for response costs incurred by the State after June 30, 2002, with regard to the Sauget Area Sites.

(c)     Liability based upon the ownership or operation of the Sauget Area Sites, or upon the transportation, treatment, storage, or disposal, or the arrangement for the transportation, treatment, storage, or disposal, of a hazardous substance or a solid waste at or in connection with the Sauget Area Sites. after June 30, 2002 by Settling Defendants.

(d)     Liability for damages for injury to, destruction of, or loss of natural resources; and

(e)     Criminal liability.

18.     Notwithstanding any other provision of this Consent Order, the State reserves, and this Consent Order is without prejudice to, the right to institute proceedings against Settling Defendants seeking to compel Settling Defendants (1) to perform further response actions relating to the Sauget Area Sites or (2) to reimburse the State for additional costs of response if information is discovered which indicates that one or more Settling Defendants contributed hazardous substances to the Sauget Area Sites in such greater amount or of such greater toxic or hazardous effects that such Settling Defendants no longer qualify as a *de minimis* party at the Sauget Area Sites.

## X.     COVENANTS BY SETTLING DEFENDANTS

19.     With respect to the "matters addressed" in this Consent Decree, Settling Defendants hereby covenant not to sue and agree not to assert any claims or causes of action against the State, including, but not limited to, any direct or indirect claim for

828896v5

10

reimbursement from the Hazardous Substance Superfund (established pursuant to the Internal Revenue Code, 26 U.S.C. §9507) through Sections 106(b)(2), 111, 112, 113 of CERCLA, 42 U.S.C. 9606(b)(2), 9611 , 9612, and 9613 or any other provision of law, any claim against the State, including any department, agency or instrumentality of the State under Sections 107 or 113 of CERCLA, 42 U.S.C. 9607 or 9613. The "matters addressed" in this Consent Decree are all response costs incurred at or in connection with the Sauget Area Sites, by the State prior to June 30, 2002.

20.     Nothing in this Consent Decree shall be deemed to constitute preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. §9611, or 40 C.F.R. §300.700(d).

21.     Settling Defendants agree not to assert any claims or causes of action (including claims for contribution under CERCLA) that it may have relating to response costs incurred by the State prior to June 30,2002, for the Sauget Area Sites against any Defendant that subsequently settles with the State in this cause. This waiver shall not apply with respect to any defense, claim, or cause of action that Settling Defendants may have against any person if such person asserts or has asserted a claim or cause of action relating to the Sauget Area Sites against such Settling Defendants.

## XI.     EFFECT OF SETTLEMENT: CONTRIBUTION PROTECTION

22.     Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a party to this Consent Decree. The preceding sentence shall not be construed to waive or nullify any rights that any person not a signatory to this decree may have under applicable law. Except as provided in Paragraph 21, each of the Parties expressly reserve any and all rights (including, but not limited to, any rights to contribution), defenses, claims, demands, and causes of action

828896v5

11

which each party may have with respect to any matter, transaction, or occurrence relating to any way to the Sauget Area Sites against any person or entity not a party hereto.

23.     With regard to claims for contribution against Settling Defendants for matters addressed in this Consent Decree, the Parties hereto agree, and by entering this Consent Decree this Court finds, that Settling Defendants are entitled to such protection from contribution actions or claims as is provided by CERCLA Sections 113(f)(2) and 122(g)(5), 42 U.S.C. 9613(f)(2) and 9622(g)(5), for the "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are all response costs incurred at or in connection with the Sauget Area Sites, by the State prior to June 30, 2002.

## XII.   LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

24.     This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) days for public notice and comment. The State reserves the right to withdraw or withhold its consent if the comments received regarding the Consent Decree disclose facts or considerations that indicate that the Consent Decree is inappropriate, improper, or inadequate.

Settling Defendants consent to the entry of this Consent Decree without further notice. The State reserves the right to oppose an attempt by any person to intervene in this civil action.

25.     If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party and the terms of this agreement may not be used as evidence in any litigation between the Parties.

828896v5

12

## XIII. EFFECTIVE DATE

26.     The effective date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court, except as otherwise provided herein. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, this Consent Decree shall constitute final judgment on the Plaintiffs claims solely against Settling Defendants and judgment shall be entered accordingly solely as to Settling Defendants there being no just reason for delay so that Settling Defendants may obtain the benefits of early settlement by avoiding further participation in this litigation.

## XIV. SIGNATORIES/SERVICE

27.     Each undersigned representative certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind such party to this document.

28.     Settling Defendants hereby agree not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree unless the State has notified Settling Defendants in writing that it no longer supports entry of the Consent Decree.

29.     Settling Defendants shall identify, on the attached signature page, the name, address and telephone number of an agent who is authorized to accept service of process by mail on behalf of that party with respect to all matters arising under or relating to this Consent Decree and any applicable local rules of this Court, including, but not limited to, service of a summons.

Settling Defendants hereby agree to accept service, including but not limited to service of a summons, in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of

828896v5

13

this Court. The Parties agree that Settling Defendants need not file an answer to the

Second Amended Complaint in this action unless or until the Court expressly declines to

enter this Consent Decree.

SO ORDERED THIS 24th DAY OF May, 2006.

_____
United States District Judge

The UNDERSIGNED PARTIES enter into this Partial Consent Decree in the matter of People v. Pharmacia Corporation, et al., relating to the Sauget Area Sites.

PEOPLE OF THE STATE OF ILLINOIS, ex rel.
Lisa Madigan, Attorney General
of the State of Illinois,

MATTHEW J. DUNN, Chief
Environmental Enforcement/Asbestos
Litigation Division

By:  _____

THOMAS DAVIS, Chief
Environmental Bureau
Assistant Attorney General

ILLINOIS ENVIRONMENTAL
PROTECTION AGENCY

By:  _____

Robert A. Messina
Chief Legal Counsel

The UNDERSIGNED PARTIES enter into this Partial Consent Decree in the matter of People v. Pharmacia Corporation, et al., relating to the Sauget Area Sites.

SETTLING DEFENDANT

Afton Chemical Corporation (formerly Ethyl Petroleum Additives, Inc. and Edwin Cooper, Inc.) on its own behalf and on behalf of its parent NewMarket Corporation

By: _Ann J. Burks_

Agent authorized to accept service as specified in Paragraph 29:

Name: _Ann T. Burks, Asst. Counsel, NewMarket Services Corp._

Address: _330 South Fourth St., Richmond, VA 23219_

Telephone: _(804) 788-5523_

The UNDERSIGNED PARTIES enter into this Partial Consent Decree in the matter of People v. Pharmacia Corporation, et al., relating to the Sauget Area Sites.

SETTLING DEFENDANT

**BASF CORPORATION**
(on its own behalf and as successor to Inmont Corporation)

By:    *Nan Bernardo*
               Nan Bernardo

Agent authorized to accept service as specified in Paragraph 29:

Name:       Nan Bernardo
              Environmental Counsel
              BASF Corporation
              100 Campus Drive
              Florham Park, NJ 07932

              (973) 245-6050

828896v5

The UNDERSIGNED PARTIES enter into this Partial Consent Decree in the matter of People v. Pharmacia Corporation, et al., relating to the Sauget Area Sites.

SETTLING DEFENDANT

BFI Waste Systems of North America, Inc.

By: _E Bally_

Agent authorized to accept service as specified in Paragraph 29:

Name: _Thomas Ryan_

Address: _Lathrop & Gage 2345 Grand Blvd. Suite 2800_
_KC, MO 64108_

Telephone: _816 - 292 - 2000_

828896v5

16

The UNDERSIGNED PARTIES enter into this Partial Consent Decree in the matter of
People v. Pharmacia Corporation, et al., relating to the Sauget Area Sites.

SETTLING DEFENDANT

BLUE TEE CORP.

By: *Terrance Gileo Faye*
*Special Counsel*

Agent authorized to accept service as specified in Paragraph 29:

Name:       Terrance Gileo Faye, Esq.

Address:    Babst, Calland, Clements & Zomnir
            #1 N. Maple Ave.
            Greensburg, PA  15601

Telephone:  724-837-6221

828896v4

15

The UNDERSIGNED PARTIES enter into this Partial Consent Decree in the matter of People v. Pharmacia Corporation, et al., relating to the Sauget Area Sites.

SETTLING DEFENDANT

Cerro Flow Products Inc.

By: _____

Agent authorized to accept service as specified in Paragraph 29:

Name: Richard F. Ricci

Address: Lowenstein Sandler, 65 Livingston Ave., Roseland, NJ 07068

Telephone: 973. 597. 2462

828896v5

16

The UNDERSIGNED PARTIES enter into this Partial Consent Decree in the matter of People v. Pharmacia Corporation, et. al. relating to the Sauget Area Sites.

SETTLING DEFENDANT

Chemical Waste Management, Inc.

BY: _____
      Jack Dowden
      Area Director

Agent authorized to accept service as specified in Paragraph 29:

Name:  The Corporation Trust Company

Address:  1209 Orange Street, Corporation Trust Center, Wilmington, Delaware 19801

Phone: NA

828896v5

16

The UNDERSIGNED PARTIES enter into this Partial Consent Decree in the matter of People v. Pharmacia Corporation, et al., relating to the Sauget Area Sites.

SETTLING DEFENDANT

EXXON MOBIL CORPORATION

By: _D. DE ANGELIS_ , for Z. K. BOLEN 12/20/05
AREA MANAGER, SUPERFUND RESPONSE GROUP.

Agent authorized to accept service as specified in Paragraph 29:

Name: _ILLINOIS CORPORATION SERVICE COMPANY_

Address: _801 ADLAI STEVENSON DRIVE_
_SPRINGFIELD, IL  62703_

Telephone: _(217) 522-1010_

828896v5

16

The UNDERSIGNED PARTIES enter into this Partial Consent Decree in the matter of
People v. Pharmacia Corporation, et al., relating to the Sauget Area Sites.

SETTLING DEFENDANT

GENERAL MILLS/PILLSBURY

By: _____

William C. Crutcher, III
Asst. General Counsel

Agent authorized to accept service as specified in Paragraph 29:

Name: _Gary Gengel, Esq.____ Morgan, Lewis & Bockius LLP____

Address: ____502 Carnegie Center, Princeton, NJ 08540_____

Telephone: _____609-919-6619_____

The UNDERSIGNED PARTIES enter into this Partial Consent Decree in the matter of People v. Pharmacia Corporation, et al., relating to the Sauget Area Sites.

SETTLING DEFENDANT

The Glidden Company (successor to Grow Group, Inc)

By: _Steven M. Bradford_

Agent authorized to accept service as specified in Paragraph 29:

Name: Thomas D. Lupo

Seyfarth Shaw LLP
Address: 55 East Monroe Street, Suite 4200

Chicago, IL  60603-5803

Telephone: (312) 269-8889

The UNDERSIGNED PARTIES enter into this Partial Consent Decree in the matter of People v. Pharmacia Corporation, et al., relating to the Sauget Area Sites.

SETTLING DEFENDANT

SEQUA CORPORATION

By: _____
L. P. PASCULLI

Agent authorized to accept service as specified in Paragraph 29:

Name: Leonard P. Pasculli, Esq.

Address: SEQUA Corporation, 3 University Plaza, Hackensack, NJ 07601

Telephone: 201-343-1122 ext. 2375

828896v5

16

The UNDERSIGNED PARTIES enter into this Partial Consent Decree in the matter of People v. Pharmacia Corporation, et al., relating to the Sauget Area Sites.

SETTLING DEFENDANT

T H Agriculture & Nutrition, L.L.C.

By: _____
       Joseph L. Wolf, Jr.

Agent authorized to accept service as specified in Paragraph 29:

Name:  Corporation Service Company

Address: 2711 Centerville Road, Suite 400
          Wilmington, DE 19808

Telephone:  (302) 636-5400

828896v5

16