IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, ) <br> ex rel. LISA MADIGAN, Attorney General of the ) <br> State of Illinois, ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> PHARMACIA CORPORATION, et al., ) <br> ) <br> Defendants. ) | Civil Action No. 5-197 |

## PARTIAL CONSENT DECREE WITH ESTATE OF
## PAUL SAUGET AND ESTATE SETTLING DEFENDANTS

This action was initiated in the name of the People of the State of Illinois by Lisa Madigan, Attorney General of the State of Illinois, on her own motion, and at the request of the Illinois Environmental Protection Agency ("Illinois EPA"), seeking recovery of costs incurred by the Illinois EPA and the Attorney General prior to June 30, 2002, to address releases and threatened releases of hazardous substances as defined by the Illinois Environmental Protection Act, 415 ILCS 5/1, et seq. (2000), and the Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C. 9601, et seq. ("CERCLA") at the Sauget Area Sites in St. Clair County, Illinois. The Attorney General, the Illinois EPA, and the Estate Settling Defendants, have each agreed to the entry of this Partial Consent Decree in order to resolve Plaintiff's claims against the Estate Settling Defendants in the best interests of the public.

## I. BACKGROUND

1. The Attorney General and the Illinois EPA (collectively the "State"), seek the following relief in the filed Second Amended Complaint: reimbursement of response costs

incurred by the State prior to June 30, 2002, for response actions taken regarding the Sauget Area Sites and reimbursement of response costs incurred in the prosecution of this case.

2. In accordance with 42 U.S.C. 9622, a notice of the filing of the Complaint was sent to the Attorney General of the United States and to the Administrator of the United States Environmental Protection Agency.

3. In response to releases and substantial threats of releases at or from the Sauget Area Sites, the State has undertaken response actions at or in connection with the Sauget Area Sites.

4. The State has determined the following:

a) prompt settlement with the Estate Settling Defendants is practicable, in the public interest, and consistent with the CERCLA statute.

b) the stipulated judgment in the amount specified in Section V. and the payment to be made by the Estate Settling Defendants in the amount specified in Section VI. represent a significant portion of the response costs incurred by the State;

c) the evidence accumulated through the State's investigations, discovery conducted by the United States and other potentially responsible parties in other cost recovery/contribution cases, and provided by the Estate link the Estate's predecessor to a number of sites within the Sauget Area Sites; and

d) the Estate Settling Defendants are able to pay the amount specified in Section VI.

5. The Estate Settling Defendants do not admit any liability to the State arising out of the transactions or occurrences alleged in the Second Amended Complaint.

6. The Parties recognize and request to the Court to find, in entering this Partial Consent Decree, without the admission or adjudication of any issue of fact or law, that this Partial

2

Consent Decree, has been negotiated by the Parties in good faith and will avoid prolonged and complicated litigation between the Parties, and that this Partial Consent Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

## II. JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. 1331 and 1345, and 42 U.S.C. 9607(a) and 9613(b). This Court also has pendant jurisdiction over the State's claims under the Illinois Environmental Protection Act. The Court also has personal jurisdiction over the Estate Settling Defendants. Further, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and Sections 107 and 113(b) of CERCLA, 42 U.S.C. §§ 9607 and 9613(b), because the releases or threatened releases of hazardous substances that gave rise to this claim and the Second Amended Complaint occurred in this district and because the Sauget Area Sites are located in this district. The Estate Settling Defendants shall not challenge the terms of this Partial Consent Decree or this Court's jurisdiction to enter and enforce this Partial Consent Decree.

## III. PARTIES BOUND

8. This Partial Consent Decree applies to and is binding upon the State and upon the Estate Settling Defendants and their heirs, successors and assigns. Any change in legal status including, but not limited to, any transfer of assets or real or personal property shall in no way alter the Estate Settling Defendants' responsibilities under this Partial Consent Decree.

9. By entering into this Partial Consent Decree, the mutual objectives of the Parties are:

a) to reach a final settlement among the Parties with respect to the response costs incurred by the State prior to June 30, 2002, at the Sauget Area Sites pursuant to Section 107(a) of CERCLA, 42 U.S.C. 9607(a), that allows the Estate Settling Defendants to enter into a stipulated judgment in the amount specified paragraph 11 of Section V. and for the Estate Settling Defendants to make a cash payment in the amount specified in paragraph 12 of Section VI., to resolve its alleged civil liability under Sections 106 and 107 of CERCLA, 42 U.S.C. 9606 and 9607, and the Illinois Environmental Protection Act, 415 ILCS 5/1, et seq., for the response costs incurred by the State prior to June 30, 2002, at or in connection with the Sauget Area Sites and related litigation costs, thereby reducing litigation relating to the Sauget Area Sites;

b) to obtain settlement with the Estate Settling Defendants for their fair share of response costs incurred by the State at the Sauget Area Sites prior to June 30, 2002, and related litigation costs and to provide for the full and complete contribution protection for the Estate Settling Defendants with regard to the response costs incurred by the State prior to June 30, 2002, at the Sauget Area Sites accorded pursuant to Sections 113(f)(2) of CERCLA, 42 U.S.C. 9613(f)(2).

## IV. DEFINITIONS

10. Unless otherwise expressly provided herein, terms used in this Partial Consent Decree which are defined in CERCLA and/or the Act or in regulations promulgated under CERCLA and/or the Act shall have the meaning assigned to them in CERCLA and/or the Act or in such regulations. Whenever terms listed below are used in this Partial Consent Decree, the following definitions shall apply:

a. "Act" shall mean the Illinois Environmental Protection Act, 415 ILCS 5/1-58.12.

b. "Sauget Area Sites" shall mean the site as depicted on the map attached hereto as Appendix A and which is located in the Villages of Sauget and Cahokia, St. Clair County, Illinois.

c. "CERCLA" shall mean the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. "9601 *et seq.*

d. "Consent Decree" shall mean this Partial Consent Decree.

e. "Day" shall mean a calendar day unless expressly stated to be a Working day. "Working day" shall mean a day other than a Saturday, Sunday, or State of Illinois holiday. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday or State of Illinois holiday, the period shall run until the close of business of the next Working day.

f. "Estate Settling Defendants" or "Estate" shall mean (1) Defendant Estate of Paul Sauget and (2) Defendant Diane Hackett, not personally but only in her capacity as executor and personal representative of the Estate of Paul Sauget.

g. "Illinois EPA" shall mean the Illinois Environmental Protection Agency and any successor departments or agencies thereof.

h. "Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year.

i. "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper case letter.

j.  "Defined Response Costs" shall mean all costs of "response" as that term is defined by CERCLA and the Act incurred by the State with regard to the Sauget Area Sites prior to June 30, 2002 and the costs incurred by the Attorney General in this litigation.

k.  "Section" shall mean a portion of this Consent Decree identified by a roman numeral.

l.  "SA2SG Parties" shall mean the parties who have signed the SA2SG Amended and Restated Participation Agreement.

m.  "Parties" shall mean the State and the Estate Settling Defendants or Estate.

n.  "State" shall mean the State of Illinois, the Illinois EPA and the Illinois Attorney General, all acting through the Illinois Attorney General.

## V. STIPULATED JUDGMENT

11.  The Estate Settling Defendants stipulate that judgment shall hereby be entered against them in the amount of $164,760 on the State's claims as set forth in the Second Amended Complaint for recovery of Defined Response Costs incurred in connection with releases or threatened releases of hazardous substances at the Sauget Area Sites. The Estate Settling Defendants shall not be liable for, and the State agrees not to seek execution of, the foregoing stipulated judgment except as provided in this Consent Decree. Interest shall accrue on the stipulated judgment amount calculated from the date of entry of this Consent Decree.

## VI. PAYMENT OF RESPONSE COSTS

Payment within 30 Days of Entry of Consent Decree

12.  In partial satisfaction of the judgment entered pursuant to Paragraph 11 the Estate Settling Defendants shall, within 30 days of entry of this Consent Decree, pay $1.00 (One Dollar) to the State, which includes interest on that amount ($1.00) calculated through the date of

6

payment. Payment shall be made by check payable to the "Illinois Environmental Protection Agency" for deposit into the "Hazardous Waste Fund," as set forth in Paragraph 15.a.

13. At the time of payment pursuant to Paragraph 12, the Estate Settling Defendants shall send notice that payment has been made to the IAG, and the Illinois EPA in accordance with Section XIII.

Recovery and Payment of Insurance Proceeds

14. To satisfy the stipulated judgment entered pursuant to paragraph 11, the Estate Settling Defendants shall, prior to the tolling of any applicable statute of limitation, pursue in good faith and to final judgment or settlement, any cause of action that has been asserted, or that may be asserted, by the Estate Settling Defendants against any insurance carrier for indemnification of the Estate Settling Defendants' alleged liability to the State ("Insurance Claims"). Within ten (10) days of the resolution of such Insurance Claims, or any part of such Insurance Claims, whether by judgment or settlement, the Estate Settling Defendants shall provide notice to the State by overnight mail directed to the addresses specified in Section XIII (Notices) of this Decree, together with documentation regarding (1) the amount of any monies to be paid by the insurance carrier as a result of the resolution of such Insurance Claims ("Insurance Proceeds") and (2) any reasonable attorneys fees or expenses incurred by the Estate Settling Defendants in order to secure the Insurance Proceeds (Expenses"). Expenses as defined in this Consent Decree do not include attorneys' fees or expenses incurred in connection with the Estate Settling Defendants' defense or settlement of the claims brought in this action by the State or by the United States or the Third Party Plaintiff in the case of *United States v. Pharmacia Corp., et al.*, No. 99-63-GPM or by the United States in the case of *United States v. Afton Chemical Corp., et al.*, No. 06-CV-763-GPM.

15. The obligation of the Estate Settling Defendants to pay the stipulated judgment entered pursuant to paragraph 11 is limited solely to their good faith pursuit of Insurance Claims, described in paragraph 14. The Parties recognize that the Estate Settling Defendants are subject to two prior Consent Decrees entered by this Court: one on April 19, 2004, by and between the United States and the Estate in *United States v. Pharmacia Corp., et al.*, No. 99-63-GPM; and, one on February 19, 2008, by and between the United States and the Estate Settling Defendants in *United States v. Afton Chemical Corp., et al.*, No. 06-CV-763-GPM (collectively, "Prior Consent Decrees"). Under the Prior Consent Decrees, the United States is first in line to receive any Insurance Proceeds, and the State recognizes that if it does collect some amount of Insurance Proceeds, it will only be with the consent and approval of the United States. Therefore, following receipt by the State of any notice of Insurance Proceeds and Expenses pursuant to paragraph 14, above, the State will initiate and participate in discussions with the United States, the Estate Settling Defendants, and other interested and affected parties to either or both of the cases referenced above, including Pharmacia Corporation, for sixty (60) days in an attempt to reach an agreement on an appropriate allocation of Insurance Proceeds between the United States and the State ("Allocated Share"). If no agreement can be reached, the State consents to resolution of the issue by the Court with jurisdiction over the judgment(s) asserted as having priority over the State's judgment. If an agreement for an Allocated Share is reached or a resolution for an Allocated Share is made by the designated Court, then within sixty (60) days of the date of such agreement or resolution the State shall collect its Allocated Share as follows:

a. The Estate Settling Defendants shall remit to the State 95% of the State's Allocated Share, after deduction of a proportionate share of the permissible Expenses. This amount shall be applied to reimburse the Illinois EPA for its costs and shall be paid by certified

check or corporate check made payable to the "Illinois Environmental Protection Agency" for deposit into the "Hazardous Waste Fund." The Estate Settling Defendants shall send the payment to:

> Fiscal Services
> Illinois Environmental Protection Agency
> 1021 North Grand Avenue East
> P.O. Box 19276
> Springfield, Illinois 62794-9276

b.  After that amount is paid, the remainder of the allocated Insurance Proceeds, if any, shall be paid to the Attorney General's Office for its costs of $4,000 (Four Thousand Dollars) allocated to the Estate Settling Defendants, and Interest calculated from the date of entry of this Consent Decree. The payment shall be in the form of a certified check or corporate check made payable to the "Illinois Attorney General" for deposit into the "Attorney General's Special Project and Court Ordered Distribution Fund (801 Fund)". The Estate Settling Defendants shall send the payment to:

> James L. Morgan
> Assistant Attorney General
> Environmental Bureau
> 500 South Second Street
> Springfield, IL 62706

16.  The Estate Settling Defendants' stipulated judgment in the amount specified in paragraph 11 of Section V. and the Estate Settling Defendants' payment in the amount specified in paragraph 12 of Section VI. includes an amount for a) Defined Response Costs; and b) a premium to cover the risks and uncertainties associated with the information relied upon to circumscribe the Estate Settling Defendants potential liability.

9

## VII. FAILURE TO MAKE PAYMENT

17. In the event that the Estate Settling Defendants fail to make any payment required by paragraph 12 of Section VI. within 30 days of the effective date of this Consent Decree, the Estate Settling Defendants shall pay interest on the unpaid balance. Payments of interest made under this Paragraph shall be in addition to such other remedies or sanctions available to the State by virtue of the Estate Settling Defendants' failure to make other payments under Section VI.

## VIII. CERTIFICATION OF THE ESTATE SETTLING DEFENDANTS

18. By signing this Consent Decree, the Estate Settling Defendants certify that, to the best of their knowledge and belief, they:

a) have conducted a thorough, comprehensive, good faith search for documents in the possession of their officers, directors, employees, agents, or contractors, which relates, in any way, to the ownership, operation, or control of the Sauget Area Sites, or to the ownership, possession, generation, treatment, transportation, storage or disposal of a hazardous substance, pollutant, or contaminant at or in connection with the Sauget Area Sites;

b) have not altered, mutilated, discarded, destroyed or otherwise disposed of any records, documents, or other information relating to their potential liability regarding the Sauget Area Sites after notification of potential liability by the United States or the filing of this lawsuit regarding the Sauget Area Sites; and

c) submitted to the United States financial information that fairly, accurately, and materially sets forth the financial history and circumstances of the Estate of Paul Sauget, and that those circumstances have not materially changed between the time the financial information was

submitted to the United States and the time the Estate Settling Defendants execute this Consent Decree.

d) have and will comply fully with any and all lawful requests by the State for information regarding the Sauget Area Sites.

## IX. COVENANT NOT TO SUE BY THE STATE

19. In consideration of the payments that will be made by the Estate Settling Defendants under the terms of the Consent Decree and except as specifically provided in Section X (Reservation of Rights), the State covenants not to sue or to take administrative action against the Estate Settling Defendants pursuant to Sections 106 and 107(a) of CERCLA, 42 U.S.C. 9606 and 9607(a), and the Act for Defined Response Costs, and for the remaining claims in *People of the State of Illinois v. Paul Sauget*, 81-CH-19 (St. Clair County Circuit Court). This covenant not to sue shall take effect for the Estate Settling Defendants upon entry of this Consent Decree by the Court. With respect to the Estate Settling Defendants, this covenant not to sue is conditioned upon the complete and satisfactory performance by the Estate Settling Defendants of all obligations under this Consent Decree and the veracity of the information provided the State and the United States by the Estate of Paul Sauget relating to its involvement with the Sauget Area Sites. This covenant not to sue extends only to the Estate Settling Defendants and does not extend to any other person.

## X. RESERVATION OF RIGHTS BY THE STATE

20. The State reserves, and this Consent Decree is without prejudice to, all rights against the Estate Settling Defendants with respect to all matters not expressly included within the Covenant Not to Sue by the State. Notwithstanding any other provision of this Consent Decree, the State reserves, and this Consent Decree is without prejudice to, all rights against the Estate Settling Defendants with respect to:

(a) Claims based on a failure by the Estate Settling Defendants to meet a requirement of this Consent Decree;

(b) Liability for response costs incurred by the State after June 30, 2002, with regard to the Sauget Area Sites;

(c) Liability based upon the ownership or operation of the Sauget Area Sites, or upon the transportation, treatment, storage, or disposal, or the arrangement for the transportation, treatment, storage, or disposal, of a hazardous substance or a solid waste at or in connection with the Sauget Area Sites, after June 30, 2002 by the Estate;

(d) Liability for damages for injury to, destruction of, or loss of natural resources; and

(e) Criminal liability.

## XI. COVENANTS BY THE ESTATE SETTLING DEFENDANTS

21. The Estate Settling Defendants hereby covenant not to sue and agree not to assert any claims or causes of action against the State with respect to the Sauget Area Sites or this Consent Decree, including, but not limited to, any direct or indirect claim for reimbursement from the Hazardous Substance Superfund (established pursuant to the Internal Revenue Code, 26 U.S.C. '9507) through Sections 106(b)(2), 111, 112, 113 of CERCLA, 42 U.S.C. 9606(b)(2), 9611, 9612, and 9613 or any other provision of law, any claim against the State, including any department, agency or instrumentality of the State under Sections 107 or 113 of CERCLA, 42 U.S.C. 9607 or 9613, related to the Sauget Area Sites, or any claims arising out of response activities at the Sauget Area Sites or any claims arising out of *People of the State of Illinois v. Paul Sauget*, 81-CH-19 (St. Clair County Circuit Court).

22. Nothing in this Consent Decree shall be deemed to constitute preauthorization of a claim within the meaning of Section 111 of CERCLA, 42, U.S.C. 9611, or 40 C.F.R. 300.700(d).

23. The Estate Settling Defendants agree not to assert any claims or causes of action (including claims for contribution under CERCLA) that they may have relating to response costs incurred by the State prior to June 30, 2002, for the Sauget Area Sites against any Defendant that subsequently settles with the State in this cause. This waiver shall not apply with respect to any defense, claim, or cause of action that the Estate Settling Defendants may have against any person if such person asserts or has asserted a claim or cause of action relating to the Sauget Area Sites against the Estate Settling Defendants.

## XII. EFFECT OF SETTLEMENT: CONTRIBUTION PROTECTION

24. Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a party to this Consent Decree. The preceding sentence shall not be construed to waive or nullify any rights that any person not a signatory to this decree may have under applicable law. Except as provided in Paragraph 23, each of the Parties expressly reserves any and all rights (including, but not limited to, any rights to contribution), defenses, claims, demands, and causes of action which each party may have with respect to any matter, transaction, or occurrence relating to any way to the Sauget Area Sites against any person or entity not a party hereto.

25. With regard to claims for contribution against the Estate Settling Defendants for matters addressed in this Consent Decree, the Parties hereto agree, and by entering this Consent Decree this Court finds, that the Settling Estate Defendants are entitled, as of the date of entry of this Consent Decree to such protection from contribution actions or claims as is provided by

13

CERCLA Sections 113(f)(2), 42 U.S.C. 9613(f)(2) for the "matters addressed" in this Consent Decree (i.e. all Defined Response Costs), except that this Paragraph shall not be construed to preclude or enjoin any contribution actions or claims by any of the SA2SG Parties against any of the Estate Settling Defendants for "matters addressed" in this Consent Decree.

## XIII. NOTICES AND SUBMISSIONS

26. Whenever, under the terms of this Partial Consent Decree, written notice is required to be given or a report or other document is required to be sent by one Party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other parties in writing. All notices and submissions shall be considered effective upon receipt, unless otherwise provided. Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of this Partial Consent Decree with respect to EPA, the State, and the Trustee, respectively.

<u>As to the State:</u>
Sandra Bron
State Project Coordinator
Illinois EPA RPMS/BOL
1021 North Grand Avenue East
Springfield, IL 62794-9276

James L. Morgan
Assistant Attorney General
Environmental Bureau
500 South Second Street
Springfield, IL 62706

## XIV. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

27. T his Consent Decree shall be lodged with the Court for a period of not less than thirty (30) days for public notice and comment. The State reserves the right to withdraw or withhold its consent if the comments received regarding the Consent Decree disclose facts or

considerations that indicate that the Consent Decree is inappropriate, improper, or inadequate. The Estate Settling Defendants consent to the entry of this Consent Decree without further notice. The State reserves the right to oppose an attempt by any person to intervene in this civil action.

28. If for any reasons the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party and the terms of this agreement may not be used as evidence in any litigation between the Parties.

## XV. EFFECTIVE DATE

29. The effective date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court, except as otherwise provided herein. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, this Consent Decree shall constitute final judgment on the Plaintiff's claims solely against the Estate Settling Defendants and judgment shall be entered accordingly solely as to the Estate Settling Defendants there being no just reason for delay or enforcement of this Consent Decree so that the Estate Settling Defendants may obtain the benefits of settlement.

## XVI. SIGNATORIES/SERVICE

30. Each undersigned representative certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind such party to this document.

31. The Estate Settling Defendants hereby agree not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree unless the State has notified the Estate Settling Defendants in writing that it no longer supports entry of the Consent Decree.

32. The Estate Settling Defendants shall identify, on the attached signature page, the name, address and telephone number of an agent who is authorized to accept service of process by mail on behalf of that party with respect to all matters arising under or relating to this Consent Decree and any applicable local rules of this Court, including, but not limited to, service of a summons. The Estate Settling Defendants hereby agree to accept service, including but not limited to service of a summons, in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. The Parties agree that the Estate Settling Defendants need not file an answer to the Second Amended Complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

SO ORDERED THIS _01_ DAY OF _June_, 200_9_.

_____
United States District Judge

1956506

16

The UNDERSIGNED PARTIES enter into this Partial Consent Decree in the matter of <u>People v. Pharmacia Corporation, et al.</u>, relating to the Sauget Area Sites.

PEOPLE OF THE STATE OF ILLINOIS, <u>ex rel</u>.
LISA MADIGAN, Attorney General
of the State of Illinois,

MATTHEW J. DUNN, Chief
Environmental Enforcement/Asbestos
Litigation Division

By: _____
THOMAS DAVIS, Chief
Environmental Bureau
Assistant Attorney General

DOUGLAS B. SCOTT, Director,
Illinois Environmental Protection Agency

By: _____
Robert A. Messina
Chief Legal Counsel

The UNDERSIGNED PARTIES enter into this Partial Consent Decree in the matter of People v. Pharmacia Corporation, et al., relating to the Sauget Area Sites.

FOR DEFENDANTS ESTATE OF PAUL SAUGET AND DIANE HACKETT, NOT PERSONALLY BUT ONLY IN HER CAPACITY AS THE EXECUTOR AND PERSONAL REPRESENTATIVE OF THE ESTATE OF PAUL SAUGET:

Date: 12/10/08

Signature: *[signature: Diane Hackett]*

Name: Diane Hackett*
(typed or printed) *not personally, but only in her capacity as the Executor and personal representative of the Estate of Paul Sauget.

Address: 1655 Devonshire Lane
Lake Forest, IL 60455

Agent authorized to accept service on behalf of the above-named parties:

Name: Alan L. Stefaniak
Title: Attorney at Law
        DiMonte Lizak, LLC
Address: 216 West Higgins Road
        Park Ridge, IL 60068
        (847) 698-9600
        (847) 698-9624 (fax)

18